UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dean Lee Baker, Jr.,

    Plaintiff,

v.

Cody Alan Holtz, in his individual capacity, and Morrison County,

    Defendants.

No. 25-cv-430 (KMM/LIB)

**ORDER**

## INTRODUCTION

On February 4, 2025, Plaintiff Dean Lee Baker, Jr. filed this action pursuant to 42 U.S.C. § 1983, claiming that Defendants Cody Holtz and Morrison County violated his Fourth Amendment rights by stopping his vehicle without probable cause or reasonable suspicion.[1] (Compl., Dkt. No. 1.) On May 5, 2025, Defendants filed an Answer with several exhibits, including body-camera and squad-car videos and other materials. Defendants take the position that the evidence demonstrates there was a lawful basis for the traffic stop because Cody Holtz, a Morrison County Sheriff's Office Deputy, learned that the registered owner of the vehicle had a suspended driver's license before he initiated the stop.

Defendants moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). (Dkt. No. 9.) In support of that motion, Defendants relied on the evidence attached to their Answer and argued that Mr. Baker's claims should be dismissed because Deputy Holtz had a reasonable basis to stop the vehicle. (Dkt. Nos. 9–10.) In response, Mr. Baker argued that the video evidence was

---

[1] In addition to his claim under § 1983, Mr. Baker also asserts a claim of false arrest under Minnesota law. (Compl., Count Two.)

1

inconclusive, disputed the authenticity of the records cited by Defendants, argued that the documents attached to the Answer constituted inadmissible hearsay, and questioned the propriety of the Court considering such materials in the context of a Rule 12 motion. (Dkt. No. 15.) Defendants provided additional evidence in support of their reply memorandum, including declarations certifying certain records of the Minnesota Bureau of Criminal Apprehension ("BCA") and otherwise responding to Mr. Baker's concerns about the authenticity of the records Defendants provided. (Dkt. Nos. 16–18.)

The Court explained the following in its July 9, 2025 Minute Entry for the hearing on the Defendants' motion:

> The Court expressed skepticism that the law allowed it to consider the documents relied upon by the defense in support of its motion at this stage, despite defense counsel's persuasive arguments to the contrary. Specifically, the defense asked the Court to rely upon documents well outside of the pleadings, including multiple documents attached to the Reply Brief in this case. However, those documents raised serious concerns about the viability of Plaintiff's claims. Therefore, the Court will convert the pending motion to a Motion for Summary Judgment, pursuant to *Whatley v. Canadian Pac. Ry. Ltd.*, 904 F.3d 614 (8th Cir. 2018). Plaintiff will have several weeks in which to conduct limited discovery regarding the validity and reliability of the documents submitted by the defense. On or before August 27, 2025, Plaintiff will either seek to dismiss this case, or will request a status conference to discuss appropriate next steps in the litigation, including the establishment of a briefing schedule or the need for additional discovery.

(Dkt. No. 19.)

On August 27, 2025, Mr. Baker's counsel informed the Court by email that they "[did] not intend to submit any additional factual materials or argument related to the motion for judgment on the pleadings that was converted to a summary judgment motion." (E-mail from Eric Rice to Menendez, J. (Aug. 27, 2025 12:12 PM) (on file with the Court).) At the Court's request, Plaintiff's counsel also filed a letter indicating Mr. Baker's agreement that the Rule 12 motion could be

2

converted to a motion for summary judgment that would be decided on the existing record. (Dkt. No. 20.) Although the parties' arguments asserted in the briefing engage with the standard for a motion for judgment on the pleadings rather than a motion for summary judgment, the Court considers, in the interest of judicial economy and conservation of the parties' resources, the arguments in the briefs as though they were raised in the context of a Rule 56 motion.

## DISCUSSION

**I.    Legal Standard**

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Cearley v. Bobst Grp. N. Am. Inc.*, 129 F.4th 1066, 1069 (8th Cir. 2025). The moving party must demonstrate that the material facts are undisputed. *Celotex*, 477 U.S. at 322. A fact is "material" only if its resolution could affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Lankford v. City of Plumerville, Ark.*, 42 F.4th 918, 921 (8th Cir. 2022). When the moving party properly supports a motion for summary judgment, the party opposing summary judgment may not rest on mere allegations or denials, but must show, through the presentation of admissible evidence, that specific facts exist creating a genuine issue for trial. *Anderson*, 477 U.S. at 256; *see McGowen, Hurst, Clark & Smith, P.C. v. Com. Bank*, 11 F.4th 702, 710 (8th Cir. 2021). A dispute of fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Courts must view the inferences to be drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Becker v. City of Hillsboro, Mo.*, 125 F.4th 844, 851 (8th Cir. 2025). "Credibility determinations, the weighing of the evidence, and the

drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Nunn v. Noodles & Co.*, 674 F.3d 910, 914 (8th Cir. 2012) (quoting *Anderson*, 477 U.S. at 255).

**II.   Analysis**

   **A.  Traffic Stop**

In Count One of his Complaint, Mr. Baker alleges that Deputy Holtz violated his Fourth Amendment rights on August 4, 2023, when he stopped Baker's vehicle without a lawful basis to do so. Specifically, he claims that Deputy Holtz did not have a reasonable articulable suspicion to conduct the stop. Deputy Holtz seeks summary judgment on Mr. Baker's Fourth Amendment claim, arguing that there is no dispute of material facts about the lawfulness of the stop.

To state a constitutional claim under § 1983, a plaintiff must allege that "(1) the defendant acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *L.L. Nelson Enters., Inc. v. Cnty. of St. Louis, Mo.*, 673 F.3d 799, 805 (8th Cir. 2012).

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. A traffic stop is a seizure for purposes of the Fourth Amendment. *Saunders v. Thies*, 38 F.4th 701, 710 (8th Cir. 2022). A traffic stop is reasonable if it is supported by probable cause of a traffic violation or if the officer initiating the stop has a reasonable articulable suspicion of criminal activity. *De La Rosa v. White*, 852 F.3d 740, 743 (8th Cir. 2017) (probable cause); *Saunders*, 38 F.4th at 710 (reasonable suspicion). "In determining whether reasonable suspicion exists, we look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." *Clinton v. Garrett*, 49 F.4th 1132, 1140 (8th Cir. 2022) (cleaned up) (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)). This standard is less robust than the probable-cause standard, but it requires more than a

4

hunch or a general suspicion—the officer must have "at least some minimal level of objective justification . . . for the belief that the suspect has committed a crime." *Sturgeon v. Faughn*, 36 F.4th 804, 808 (8th Cir. 2022) (internal quotation mark omitted).

Based on a careful review of the record, the Court finds that there is no genuine dispute of material fact and that Deputy Holtz is entitled to summary judgment on Mr. Baker's claim that the traffic stop violated his Fourth Amendment rights. Mr. Baker concedes that if Deputy Holtz learned that the registered owner of the vehicle had a suspended driver's license prior to stopping him, there would be reasonable articulable suspicion to support the traffic stop. Under Minnesota law, it is a misdemeanor for a person to operate a motor vehicle with a suspended license. Minn. Stat. § 171.24, subd. 1; *see also United States v. Chartier*, 772 F.3d 539, 543 (8th Cir. 2014) (concluding that there was reasonable articulable suspicion where the officer stopped the vehicle "only after he ran the information from the license plate and determined that the vehicle's owner did not have a currently valid license"). And there are no other facts indicating that Deputy Holtz had information negating the reasonable inference that the owner of the vehicle was driving it. *Kansas v. Glover*, 589 U.S. 376, 378 (2020) ("We hold that when the officer lacks information negating an inference that the owner is the driver of the vehicle, the stop is reasonable.").

Mr. Baker's complaint alleged that the stop in this case was unreasonable because Deputy Holtz did not run the license plate or learn that the owner had a suspended license before he stopped Baker's vehicle. But the evidence tells a different story. The squad-car video clearly shows that Deputy Holtz was behind Mr. Baker's vehicle at 9:22 p.m. (Dkt. No. 8-3 at 21:22.) And BCA records reveal that Deputy Holtz ran the vehicle's license plate on his squad computer just before 9:22 p.m. (Dkt. No. 8-1 at 7 (showing initial query at 21:21:37).) The results of that inquiry indicated that the registered owner of the vehicle was Mr. Baker, and his license status was

5

suspended. (Dkt. No. 8-1 at 17–18 (showing "STATUS:SUSPENDED" with a time entry of 21:21:39).) Deputy Holtz initiated the stop of the vehicle just before 9:23 p.m., after he learned that the registered owner of the vehicle had a suspended license. (Dkt. No. 8-3 at 21:22:40.) Simply put, Deputy Holtz learned of Mr. Holtz's suspended-license status before he initiated the stop.

Without some indication that the driver was not the vehicle's registered owner, those facts establish that Deputy Holtz had a reasonable articulable suspicion that there was criminal activity afoot. *See Glover*, 589 U.S. at 381 (finding there was reasonable suspicion for a traffic stop of Glover's vehicle when the officer ran a license check and learned that the registered owner had a revoked license); Minn. Stat. § 171.24, subd. 1 (criminalizing driving with a suspended license). Mr. Baker does not point to any evidence creating a genuine dispute on this issue.

Moreover, the Court finds that Mr. Baker's concerns about the authenticity of the BCA records are addressed by the evidence that Defendants presented with their reply brief. (Dkt. Nos. 17, 18.) Mr. Baker had the opportunity to conduct additional discovery and to submit additional briefing to address any evidentiary concerns with the Court's conversion of the motion for judgment on the pleadings into a motion for summary judgment. He did not take that opportunity.

Accordingly, the Court concludes that there is no dispute for trial regarding the lawfulness of the traffic stop. Deputy Holtz is entitled to summary judgment on Mr. Baker's Fourth Amendment claim.

### B. False Arrest

Count Two of Mr. Baker's Complaint asserts a claim for false arrest. After Deputy Holtz initiated the traffic stop, he approached the vehicle and determined that Mr. Baker was the registered owner and was operating the vehicle while his license was suspended. Deputy Holtz

then asked Mr. Baker to step out of the vehicle and became suspicious that Mr. Baker was under the influence of drugs. He eventually placed Mr. Baker under arrest for driving while impaired and later obtained a warrant to conduct a blood draw. Mr. Baker claims that Deputy Holtz placed him under arrest without a legal basis and acted willfully and with maliciousness. He also alleges that Morrison County is vicariously liable for Deputy Holtz's conduct. (Compl. ¶¶ 13–19, 36–41, Count Two.)

Under Minnesota law,[2] the tort of false arrest requires a showing that the defendant made "an arrest . . . without proper legal authority." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 481 (8th Cir. 2010) (quoting *Lundeen v. Renteria*, 224 N.W.2d 132, 135 (Minn. 1974)). If, however, the defendant makes the arrest based upon probable cause, it is lawful. *Lundeen*, 224 N.W.2d at 135–36; *see also Strei v. Blaine*, 996 F. Supp. 2d 763, 789–90 (D. Minn. 2014) (granting motion for summary judgment where the court determined that the arrest was based on probable cause).

Defendants argue that Deputy Holtz had probable cause to arrest Mr. Baker because Baker exhibited several signs of impairment during the stop and failed field sobriety tests. They argue that Deputy Holtz's observations provided probable cause to suspect that Mr. Baker committed the crime of driving a motor vehicle while impaired. Minn. Stat. § 169A.20, subd. 1. (Dkt. No. 12 at 14–17, 18–19.) In response, Mr. Baker argues only that "[Deputy] Holtz willfully violated a known right by stopping Baker's vehicle without reasonable suspicion of criminal activity," and "[t]he arrest arising from this unlawful stop is sufficient to constitute false arrest under Minnesota

---

[2] In his Complaint, Mr. Baker did not expressly assert any claim that his arrest violated his Fourth Amendment rights. (Compl., Count Two.) Instead, he claimed that he was arrested without a legal basis and that Morrison County is vicariously liable for Deputy Holtz's willful and malicious acts. In response to the Defendants' motion, Mr. Baker briefed only the issue of the propriety of the arrest under Minnesota law. (Dkt. No. 15 at 8–9.) Reasonably construed, the Court finds that Mr. Baker asserts only a state-law claim for false arrest.

law because it was willful violation of basic Fourth Amendment rights." (Dkt. No. 15 at 9.) Based on the Court's finding that Deputy Holtz had reasonable articulable suspicion to initiate a traffic stop, Mr. Baker's argument that the arrest resulting from that stop was unlawful necessarily fails. Therefore, the Court finds that Defendants are entitled to summary judgment on Mr. Baker's false-arrest claim.[3]

## ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**

1. Defendants' Motion for Summary Judgment (Dkt. No. 9) is **GRANTED**.

2. This matter is **DISMISSED WITH PREJUDICE**.

**Let Judgment be entered accordingly**.

Date: October 9, 2025

*s/Katherine Menendez*
Katherine Menendez
United States District Judge

---

[3] To the extent Mr. Baker contends that Deputy Holtz did not develop probable cause for the arrest during the stop based on the Deputy's own observations, the Court disagrees. The evidence in the record shows there was probable cause to make the arrest. (Dkt. No. 8-2 at 21:23–21:49.)